UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:01-CR-476 CAS |
| | ) | |
| MARCUS C. DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This closed criminal matter is before the court on defendant Marcus C. Davis' pro se motion to seal or expunge his criminal record. In his motion, Mr. Davis states that since his criminal conviction, he has had no further trouble with the law and has turned his life around. He states, however, that employers deny him employment because of his criminal record. Mr. Davis asks the Court to seal or expunge his criminal record "so that employers cannot continue to use this information against me." While the Court commends Mr. Davis on his accomplishments, and is sympathetic to the challenges he faces obtaining employment, for the following reasons his motion will be denied.

The Eighth Circuit has stated that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)). A party seeking closure or sealing of court documents must show that a restriction of the right of public access is necessitated by a compelling interest. Goff v. Graves, 362 F.3d 543, 550 (8th Cir. 2004). "[O]nly the most compelling reasons can justify nondisclosure of judicial records." Neal, 461 F.3d at 1053 (quoting In re Gitto Global Corp., 422 F.3d 1, 6 (1st Cir. 2005)).

Mr. Davis seeks to seal his criminal records so that potential employers will not have access to the records when making employment decisions. Although the Court is sympathetic to Mr. Davis' position, under the law articulated by the Eighth Circuit, movant has not established the requisite "most compelling" reasons to order that this criminal filed be placed under seal. The reasons articulated by defendant could be articulated by every criminal defendant seeking future employment. If the Court were to order this criminal file sealed, it would be required to seal all criminal files. This would violate the general right of public access to judicial records and documents.

As for defendant's request that the Court expunge the record, a district court may not exercise ancillary jurisdiction to expunge a criminal record based solely on equitable grounds. See U.S. v. Meyer, 439 F.3d 855, 861-63 (8th Cir. 2006). "A district court may have ancillary jurisdiction to expunge criminal records in extraordinary cases to preserve its ability to function successfully by enabling it to correct an injustice caused by an illegal or invalid criminal proceeding." Id. at 861-62. Here, however, defendant has asserted only equitable grounds favoring expungement. As such, his motion will be denied. See, e.g., Geary v. United States, 901 F.2d 679, 679-80 (8th Cir. 1990) (finding no extraordinary circumstances warranting expungement where defendant stated the existence of records has impinged on his ability to earn a living).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's pro se motion to seal or expunge his criminal records is **DENIED**. [Doc. 575]

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Memorandum and Order to Mr. Marcus C. Davis, 1216 Allegiance Drive, Charlotte, NC 28217.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   18th   day of January, 2011.